IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | | |
|---|---|---|
| ROBERT E. MILLER, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Case No. 08-882-KI |
| | ) | |
| vs. | ) | OPINION AND ORDER |
| | ) | |
| DR. GIDEONSE, DR. REZNICK, OHSU RICHMOND FAMILY HEALTH CENTER, | ) ) ) ) | |
| Defendants. | ) ) | |

Robert E. Miller
4024 SE 62nd Avenue
Portland, Oregon 97206

    Pro Se Plaintiff

Kari A. Furnanz
Hoffman, Hart & Wagner, LLP
Twentieth Floor
1000 SW Broadway
Portland, Oregon 97205

    Attorney for Defendants

Page 1 - OPINION AND ORDER

KING, Judge:

Plaintiff Robert Miller brings a claim against Oregon Health Sciences University Richmond Family Health Center and two doctors who practice there. Before the court is Defendants' Motion to Dismiss Cause of Action Pursuant to FRCP 12(B)(1) (#15). For the reasons below, I grant the motion and dismiss this action without prejudice.

## LEGAL STANDARDS

An argument claiming lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) may be facial or factual. Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004), cert. denied, 125 S. Ct. 1973 (2005). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." Id. In a factual attack, the court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment. Furthermore, the court is not required to presume the truthfulness of the allegations. The party opposing the motion must furnish evidence necessary to satisfy its burden of establishing subject matter jurisdiction. Id.

## DISCUSSION

Defendants seek dismissal of the case for lack of subject matter jurisdiction.

On August 19, 2008, Miller filed an amended complaint drafted without the assistance of counsel and entitled Cause of Action. On September 11, 2008, Miller filed a document entitled Grounds for Court's Jurisdiction. Between these two documents, Miller alleges that defendants were grossly negligent in refusing to prescribe the pain medication that Miller preferred and had

taken for eleven years. Miller also alleges that defendants put slanderous statements into his medical file.

Miller's medical malpractice negligence and defamation claims are not federal questions so this court can only exercise jurisdiction over his claims under diversity of citizenship pursuant to 28 U.S.C. § 1332. Diversity jurisdiction requires that the action be brought between citizens of different states. Defendants Dr. Gideonse and Dr. Reznick both live in Portland, Oregon, as does plaintiff Miller. Thus, complete diversity does not exist and this court does not have diversity jurisdiction. Accordingly, I dismiss the action without prejudice. Miller would have to proceed against defendants in state court.

## CONCLUSION

Defendants' Motion to Dismiss Cause of Action Pursuant to FRCP 12(B)(1) (#15) is granted. This action is dismissed without prejudice.

IT IS SO ORDERED.

Dated this ___1st___ day of December, 2008.

                                                /s/ Garr M. King
                                                Garr M. King
                                                United States District Judge